**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2104

ALEJANDRO HERRERA,

                    Petitioner,

          v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 4, 2015        Decided:  September 17, 2015

Before KEENAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

W. Rob Heroy, GOODMAN, CARR PLLC, Charlotte, North Carolina, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Emily Anne Radford, Assistant Director, Erica B. Miles, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Herrera, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reconsider the Board's order dismissing his appeal from the immigration judge's order denying his application for adjustment of status. We dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1255," the section governing applications for adjustment of status. But we do retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D) (2012). "When the Board refuses to reconsider the discretionary denial of relief under one of the provisions enumerated in 1252(a)(2)(B)--a decision which is not subject to review in the first place--the court will not have jurisdiction to review that same denial merely because it is dressed as a motion to reconsider." Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006).

Herrera's argument that we have jurisdiction to review the finding that his false testimony was indicative of a lack of good moral character lacks merit. The decision to deny Herrera adjustment of status was clearly a discretionary one, supported by his false testimony.

2

The denial of adjustment of status was a discretionary decision, and we are without jurisdiction to review the Board's order denying reconsideration of that discretionary decision.[*] <u>Jean</u>, 435 F.3d at 481. Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED</u>

---

[*] Because this conclusion is dispositive of the petition for review, we need not consider the Board's other reasons for denying reconsideration.

3